IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CINDY NEELY                                                                    PLAINTIFF

vs.                                    Civil No. 1:08-cv-01090

MICHAEL J. ASTRUE                                                              DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Cindy Neely ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her applications for a

period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  (Doc. No. 2).[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

1. <u>Background</u>:

Plaintiff filed her disability application on June 12, 2006.  (Tr. 11, 92-101).   In this

application, Plaintiff alleged she was disabled due to a severe migraine headaches; back problems

such as a ruptured disc, spinal stenosis, and degenerative disc disease; deafness in one ear; carpal

tunnel syndrome; fibromyalgia; acid reflux; memory problems; and depression.  (Tr. 110).  This

application was initially denied on November 27, 2006 and was denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for
this case are referenced by the designation "Tr."

April 9, 2007. (Tr. 69-70). On May 1, 2007, Plaintiff requested an administrative hearing on her application. (Tr. 80). This hearing request was granted, and a hearing on this matter was held on February 27, 2008 in El Dorado, Arkansas. (Tr. 20-50). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Tyra Watts testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty-eight (48) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had received her high school diploma. (Tr. 24-25).

On September 30, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2010. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 30, 2005, her alleged onset date. (Tr. 13, Finding 2). The ALJ determined Plaintiff had the following severe impairments: chronic migraine headaches; chronic back pain, status post discectomy and fusion; status post bilateral carpal tunnel release; deafness in the left ear; fibromyalgia; myalgia; and depression. (Tr. 13, Finding 3). However, the ALJ also determined Plaintiff did not have an impairment or a combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-17). First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found her claimed limitations were not fully credible. *See id.* Second, the ALJ determined, based upon this review of Plaintiff's

subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the following RFC:

> After carefully considering the entire record, the undersigned finds that the claimant retains the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a); except that she must be able to optionally sit and stand at will and she is unable to perform constant, repetitive reaching and grasping in the normal course of the job. Due to her mental limitations, she retains the ability to perform simple, unskilled or semi-skilled jobs that require her to understand, follow and remember only concrete instructions and that require only superficial contact with supervisors, co-workers and the public (i.e., meet, greet, make change, or give simple instructions and directions).

(Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17-18). The ALJ determined Plaintiff's PRW included work as an inspector, a diaper machine tender, a quality control technician, and a receptionist. (Tr. 17-18). The VE classified this work as semi-skilled light work and semi-skilled sedentary work. (Tr. 17). Because Plaintiff suffered from additional limitations due to her depression and significant pain levels, the ALJ determined Plaintiff was unable to perform any of her PRW. (Tr. 18). The ALJ then determined whether Plaintiff would be able to perform other work existing in significant numbers in the national economy, considering her age, education, work experience, and RFC. (Tr. 18-19). The ALJ heard testimony from the VE on this issue. (Tr. 20-50). The VE testified that a hypothetical person with Plaintiff's limitations retained the ability to perform representative occupations such as an appointment clerk with 3,000 such jobs existing in Arkansas and 500,000 such jobs existing in the United States and a rating clerk with 1,980 such jobs existing in Arkansas and 300,000 such jobs existing in the United States. (Tr. 18). The ALJ found, considering this testimony, that Plaintiff "acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national

economy." (Tr. 18, Finding 10). Based upon this determination, the ALJ then found Plaintiff had not been under a disability, as defined in the Act, from May 30, 2005 through the date of his decision or through September 30, 2008. (Tr. 19, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. *See* 20 C.F.R. § 404.968. On October 31, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 1-3). On December 4, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on December 11, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 4-5). This case is now ready for decision.

## 2. <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred by performing

an improper *Polaski* evaluation; (2) the ALJ erred by failing to consider Plaintiff's severe impairments in combination; (3) the ALJ erred by placing "improper emphasis" on the state agency's psychological opinion; and (4) the ALJ erred by posing an improper hypothetical to the VE. (Doc. No. 4, Pages 3-18). In response, Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints and discounted them for legally-sufficient reasons, the ALJ properly considered Plaintiff's impairments in combination, the ALJ properly considered the opinion of the state agency physician, and the ALJ properly relied upon the testimony of the VE. (Doc. No. 5, Pages 4-15). Because the ALJ erred by placing "great weight" on the opinion of the state agency's psychologist, this Court will only address Plaintiff's third argument for reversal.

In this case, Plaintiff alleged she was disabled due to depression. (Tr. 110). The ALJ then evaluated Plaintiff's claimed disability due to depression. (Tr. 17). To determine the extent of Plaintiff's claimed disability due to her depression, the ALJ relied upon the opinion of a state agency psychologist. *See id.* The ALJ stated the following regarding the opinion of this state agency psychologist:

> The undersigned also considered the State Agency psychological opinion, in which the State Agency psychologist determined claimant was moderately limited in her ability to understand, remember and carry out detailed instructions; to make simple work-related decisions; to complete a normal workday or workweek without interruptions caused by her symptoms; to accept instructions and respond appropriately to criticism from supervisors; and, to set realistic goals or make plans independently of others. He also said she was able to perform work where interpersonal contact is incidental to work performed, e.g. assembly work where complexity of task is learned and performed by rote, there are few variables, little judgment and supervision required is simple, direct and concrete. **I gave this opinion great weight and have adopted it in my conclusions herein**.

(Tr. 17) (emphasis added).

This state agency psychologist was, however, a non-examining, non-treating psychologist.

(Tr. 218-221). As such, this report would not ordinarily constitute substantial evidence supporting the ALJ's disability determination. *See Cox v. Barnhart,* 345 F.3d 606, 610 (8th Cir. 2003) (noting that "[w]e [the 8th Circuit] have stated many times that the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision"). This is especially true since the other evidence in the record regarding Plaintiff's depression does not support the findings of this state agency psychologist.

Notably, licensed psychologist Dr. John W. Rago examined Plaintiff and diagnosed her with depressive disorder. (Tr. 214-217). Dr. Rago also assessed her GAF or Global Assessment of Functioning to be 35-45. (Tr. 214-217). This GAF score places Plaintiff between the category "31-40" where a person experiences "[s]ome impairment in reality testing or communication OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood" and "41-50" where a person experiences "[s]erious symptoms OR any serious impairment in social, occupation, or school functioning." American Psychiatric Association, *DSM-IV-TR* 32 (4th ed. 2000).

While not dispositive, such a low GAF score indicates Plaintiff suffers from severe social problems due to her mental impairment and was more than "moderately limited" as found by the state agency psychologist. Accordingly, because the ALJ based his assessment of Plaintiff's mental impairment upon the opinion of a one-time examining physician and that opinion is not otherwise supported by the record, this Court finds the ALJ's RFC determination is not supported by substantial evidence in the record, and this case must be reversed and remanded for further consideration consistent with this opinion.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of January, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE