IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CINDY NEELY                                                    PLAINTIFF

vs.                              Civil No. 1:08-cv-01090

MICHAEL J. ASTRUE                                              DEFENDANT
Commissioner, Social Security Administration

## ORDER

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal

Access to Justice Act ("EAJA").  (Doc. Nos. 8-9).[1]  Defendant has responded to this Motion and

objects to the attorney's fee requested.  (Doc. No. 12).  The parties have consented to the jurisdiction

of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 2).

Pursuant to this authority, the Court issues this Order.

## 1. Background:

On December 4, 2008, Cindy Neely ("Plaintiff") appealed to this Court from the Secretary

of the Social Security Administration's ("SSA") denial of her request for Disability Insurance

Benefits ("DIB") under Title II of the Social Security Act ("the Act").  (Doc. No. 1).  On January 20,

2010, this Court reversed and remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. §

405(g). (Doc. No. 7).

On March 4, 2010, Plaintiff filed the present Motion requesting an award of attorney's fees

under the EAJA.  (Doc. Nos. 8-9).[2]  With this Motion, Plaintiff requests an award of attorney's fees

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

[2] It appears Plaintiff filed the same motion twice.  (Doc. Nos. 8-9).  This Court treats these two motions
as the same motion.

of $2,030.00, representing 14 hours of attorney work at an hourly rate of $145.00. *See id.* Defendant responded to this Motion on March 18, 2010 and objects to the number of requested attorney hours. (Doc. No. 12). Defendant claims Plaintiff is only entitled to 13 hours of attorney work at an hourly rate of $145.00 for a total EAJA fee award of $1,885.00. *See id.*

## 2. Applicable Law:

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be

increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 7). Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose her application for fees under the EAJA, and does not object to the hourly rate she requested. (Doc. No. 12). The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $2,030.00 under the EAJA. (Doc. Nos. 8-9). Plaintiff requests these fees at a rate of $145.00 per hour for 14 hours of attorney work. *See id.* This hourly rate of $145.00 per attorney hour is authorized by the EAJA as long as a CPI is submitted. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. In the present action, Plaintiff submitted a CPI. (Doc. No. 10). Therefore, this hourly rate is authorized by the EAJA, and this Court finds that

Plaintiff is entitled to an hourly rate of $145.00 per attorney hour.

Further, this Court has reviewed counsel's itemization of time appended to Plaintiff's application. (Doc. No. 8). Defendant objects to the hours requested as being excessive and suggests this Court reduce Plaintiff's requested fees by 1.0 hour. (Doc. No. 12). Defendant claims this reduction is justified because 1.0 hour of work should be more properly considered "clerical" in nature. *Id.* Specifically, Defendant objects to Plaintiff's request for the following: (1) .5 hour for "[p]reparation of three summons" and (2) .5 hour for "[p]reparation of three certified letters and processing." *Id.*

This Court agrees with Defendant and finds Plaintiff is not entitled to attorney's fees for time expended for work that should be considered clerical in nature. Because this work is properly considered clerical work, this Court reduces Plaintiff's hours of attorney work requested from 14 to 13 (1 hour reduction). *See Granville House, Inc. v. Dept. of Health, Educ. and Welfare,* 813 F.2d 881, 884 (8th Cir. 1987) (holding the plaintiff's attorney was not entitled to compensation for work which "could have been done by support staff"). Thus, this Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $1,885.00, representing 13 hours of attorney work at an hourly rate of $145.00.

**4. Conclusion:**

Based upon the foregoing, the Court awards $1,885.00 pursuant to the EAJA, 28 U.S.C. § 2412.

**ENTERED** this **23rd day of March, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE